**Bethany K. THACKER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–6138.

United States Court of Appeals, Sixth Circuit.

May 21, 2004.

David L. Williams, Eric C. Conn, Kelly L. Ward, Stanville, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, Jane D. Samuel, Lexington, KY, Elyse Sharfman, Robert K. Gaskins, Dennis R. Williams, Mary Ann Sloan, Brian Seinberg, William Hogan, Atlanta, GA, Susan K. Houser, Washington, DC, for Defendant–Appellee.

Before: NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

## OPINION

ALAN E. NORRIS, Circuit Judge.

Plaintiff Bethany K. Thacker appeals from the district court's decision affirming the Commissioner of Social Security's denial of Thacker's claim for supplemental security income benefits. Thacker contends that the district court erred by failing to follow our decision in *Howard v. Comm'r of Social Security,* 276 F.3d 235 (6th Cir.2002). Thacker also contends that the district court erred in failing to determine that the Administrative Law Judge ("ALJ") failed to follow two agency rulings. Because *Howard* does not require a reversal, and because the ALJ did follow the rulings Thacker identifies, we affirm the judgment of the district court.

### I.

Thacker filed a claim for supplemental security income benefits with the Social Security Administration on August 10, 1999. Her claim was denied initially and upon reconsideration. Thacker then moved for a hearing on her claim before an Administrative Law Judge. ALJ Charlie

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Paul Andrus denied the claim in a decision dated September 25, 2000. Having determined that Thacker could not perform the work she had done in the past, the ALJ determined that the Commissioner had met his burden of demonstrating that a significant number of jobs existed in the regional and national economies for Thacker to perform, thus preventing her from being eligible for supplemental security income benefits.

In denying Thacker's claim, the ALJ relied upon the testimony of a vocational expert, Melissa Glannon. Glannon testified that jobs existed for Thacker in the regional and national economies given her age, education, past work experience and residual functional capacity. In eliciting testimony from Glannon, the ALJ asked the following hypothetical questions and received the following answers:

Q. All right. So let's assume we have an individual who is physically limited to no more than medium work. Let's assume that the individual has some moderate limitations. And by moderate, I use the definition of somewhere between no significant limitation at all and no useful ability to perform the function, but moderately limited in ability to perform activities within the schedule, maintain regular attendance and be punctual and to deal with the general public, limiting the individual to simple routine work without significant public contact. Assume that the individual is only occasionally able to climb ladders, stoop, crouch or crawl. To these limitations I want you to add vocational factors. Assuming that our hypothetical individual is of the claimant's age, education and work history, in your opinion, would there be jobs that such an individual could perform?

A. Yes, Your Honor.

Q. Well, what percentage of the medium, light and sedentary unskilled jobs recognized after the (INAUDIBLE) could such an individual do?

A. Approximately 60% of the medium, 50% of the light and 50% of the sedentary.

Q. Could you give me some examples and their frequency in the regional and national economies, please?

A. Yeah. At the medium level of exertion, food preparation jobs, (INAUDIBLE) approximately 235,000 nationally, 14,700 in the tristate area of West Virginia, Ohio and Kentucky. Also at the medium level of exertion stock handler jobs exist, approximately 153,000 nationally, 12,000 in the region. At the light level of exertion housekeeping/cleaning jobs exist, approximately 248,000 nationally, 13,800 in the region. Also at the light level hand packing jobs exist, approximately 210,000 nationally, 13,300 in the region. At the sedentary level of exertion assembler jobs exist, approximately 75,000 nationally, 7,100 in the region. And bench work labor jobs exist, approximately 65,000 nationally, 5,400 in the region.

Q. Let's assume that I find that the individual has severe limitations in the ability to maintain attention, concentration and task persistence. Would there be further limitations imposed?

A. Yes, Your Honor.

Q. And what jobs would be eliminated?

A. All jobs.

Q. Are there any other factors you observed in your review of the file that would cause vocational impact that I have not covered?

A. No, Your Honor.

Thacker appealed the ALJ's denial of her claim to the Appeals Council, which affirmed the ALJ's decision on February 22, 2002, making the ALJ's decision the Commissioner's final determination of the claim.

Thacker filed a complaint against the Commissioner in federal district court, arguing, among other things, that our court's decision in *Howard v. Comm'r of Social Security,* 276 F.3d 235 (6th Cir.2002), required a reversal because the ALJ's hypothetical questions to the vocational expert were incomplete for failure to list Thacker's medical diagnoses. On August 8, 2002, the district court, ruling from the bench, denied Thacker's claim for benefits. The court stated that it did "not believe the holding of *Howard,* 276 F.3d 235, is necessarily as expansive as plaintiff's counsel would have the Court conclude; otherwise, practically every case in which an ALJ relies upon a hypothetical question of a vocational expert would have to be remanded unless the hypothetical question included all the restrictions, limitations and diagnoses."

Thacker appeals.

## II.

*1. The Proper Interpretation of Howard*

■ Having reviewed the relevant facts in this case, we conclude that our decision in *Howard* does not require a reversal for the reasons enunciated in *Webb v. Comm'r of Social Security,* 368 F.3d 629 (6th Cir. 2004).

*2. The ALJ's Compliance with Social Security Ruling 96–6p*

■ Thacker asserts that the ALJ erred in failing to comply with SSR 96–6p. That ruling requires the following:

Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.

SSR 96–6p. Thacker argues that the ALJ failed to explain the weight he accorded the opinions of government doctors in accordance with the ruling.

We disagree with Thacker because the ALJ did discuss the weight he was according the government doctors' opinions:

Findings of fact made by State Agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairments are treated as expert opinion evidence of non-examining sources. Although I am not bound by a consultant's findings, they cannot and have not been ignored. Rather, I have give [sic] such findings the weight I deem proper. I note that the Commissioner is the ultimate determiner of both residual functional capacity and of disability.

. . . .

I find that the claimant's residual functional capacity is limited to medium exertional work. This finding is based on the State Agency experts having found the claimant to have the ability to perform medium exertional work, and there being no new evidence since such finding; the claimant allegedly not even sure of her limitations; and the objective medical evidence being consistent with the finding of medium exertional work.

It is apparent from this passage that the ALJ was aware of his obligation to consider the government doctors' findings. The ALJ states that he accorded them substantial weight because they were consistent with the objective medical evidence. Although the ALJ's discussion is brief and unspecific, we find that it meets the requirements of SSR 96–6p.

*3. The ALJ's Compliance with Social Security Ruling 96–7p*

■ Thacker argues that the ALJ erred in not discussing other Social Security Administration employees' observa-

tions of her. She cites an agency ruling, SSR 96–7p, in support of her argument. The relevant part of that ruling reads: "The adjudicator must also consider any observations about the individual recorded by Social Security Administration (SSA) employees during interviews, whether in person or by telephone." SSR 96–7p.

The language of that ruling, however, does not support Thacker's argument. SSR 96–7p only requires that the ALJ consider other employees' observations of her. The ALJ's failure to discuss those observations does not indicate that they were not considered. An ALJ need not discuss every piece of evidence in the record for his decision to stand.

## III.

For the foregoing reasons, the judgment of the district court and the Commissioner's denial of benefits are **affirmed**.