KETHLEDGE, Circuit Judge,
dissenting.
An ALJ need not discuss every piece of evidence in the administrative record so long as he considers all of a claimant’s medically determinable impairments and his opinion is supported by substantial evidence. See 20 C.F.R. § 404.1545(a)(2); see also Thacker v. Comm’r of Soc. Sec., 99 Fed.Appx. 661, 665 (6th Cir.2004). Substantial evidence can be “less than a preponderance,” but must be adequate for a reasonable mind to accept the ALJ’s conclusion. Kyle v. Comm’r of Soc. Sec., 609 F.3d 847, 854 (6th Cir.2010) (quotation omitted).
Here, the ALJ considered whether Kennedy’s cervical-spine impairments were disabling. The ALJ noted that Kennedy received conservative care after her cervical spine surgery. The ALJ also quoted from Dr. Smith’s opinion that, while Kennedy “ha[d] restriction in motion of her cervical and lumbar spine,” there was “very little objective evidence” of impairment. In addition, the ALJ noted that a 2002 EMG revealed normal findings with no evidence of cervical nerve damage. And the ALJ stated that the 2007 MRI revealed “multi-level disc disease throughout the cervical spine but no evidence of disc herniation.” All of this evidence supports the ALJ’s conclusion (further supported by several doctors, including Dr. Bolz, Dr. Villanueva, and Dr. Liepack) that Kennedy could do light-intensity work despite her spinal impairments. Thus, the ALJ’s opinion was supported by substantial evidence.
The same substantial evidence supports the ALJ’s decision to discount the opinions of doctors Gamm, Dunlap, Franer, and O’Connell; Kennedy’s subjective accounts of her pain; her diagnosis of a pain disorder (which only mildly impaired Kennedy’s mental functioning); and her lack of relief from various treatments (in which Kennedy was not cooperative).
In summary, therefore, substantial evidence supports the ALJ’s decision. I respectfully dissent.